# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Todd LaDoucer,

                                                    Civil No. 08-4839  JNE/AJB

            Plaintiff,

v.                                    **REPORT AND RECOMMENDATION ON**
                                      **MOTION FOR SUMMARY JUDGMENT**

Sherburne County Jail, Sgt. Chris
Hansen, Jody Williams, Angie Knutson,
Sheri Stone, Jason Kolbinger, and others
yet to be named,

            Defendants.


            This matter is before the Court, United States Magistrate Judge Arthur J. Boylan,

for report and recommendation on defendants' Motion for Summary Judgment pursuant to Fed.

R. Civ. P. 56  [Docket No. 24].  Plaintiff has filed an amended pro se complaint for violation of

civil rights under 42 U.S.C. § 1983.  At the time the action was commenced the plaintiff was

detained at the Sherburne County Jail pending sentencing following a federal conviction on

firearms offenses.[1]  The amended complaint asserts violation of rights under the Universal

Declaration of Human Rights relating to allegations that he was exposed to excessively hot

conditions in his cell.  The amended complaint also alleges that certain defendants obstructed

due process by interfering with legal mail and that he received inadequate medical treatment.

            Defendants now move for summary judgment dismissing the action on grounds

that the Universal Declaration of Human Rights does not provide a cause of action under section

---

[1]  United States District Court, District of Minnesota Criminal File No. 07-165 ADM/AJB.
See U.S. v. Ladoucer, 573 F.3d 628 (8th Cir. 2009).  Plaintiff has since been sentenced and
transferred to FCI-Allenwood in White Deer, Pennsylvania.

1983; to the extent that the plaintiff is alleging constitutional violations, they are entitled to qualified immunity protections; the plaintiff has not demonstrated a basis for an Eighth Amendment medical treatment claim, a Fourteenth Amendment due process claim based upon placement in disciplinary segregation, or a First Amendment interference with legal mail claim; and the Sherburne County Jail is not a suable entity. The petitioner opposes the motion for summary judgment. For reasons discussed below, the court recommends that the defendants' motion for summary judgment be granted and that the complaint in this action be dismissed with prejudice.

## DISCUSSION

### Background, Claims, and Procedural History

Plaintiff Todd LaDoucer was detained at the Sherburne County Jail pending proceedings on criminal charges in United States District Court. In an amended/supplemental complaint filed on September 18, 2008,[2] Mr. LaDoucer alleged that he had been exposed to conditions at the jail that were hazardous to his health because of his placement in an excessively hot cell in which he experienced breathing problems. He asserts that he suffered a lung infection as a result of being in such a "hot room," and that he was maliciously placed in segregation for covering a heat vent. In addition, plaintiff contends that corrections officer Sheri Stone obstructed due process by reading his legal mail[3] and corrections officer Jason Kolbinger kept a copy of legal work belonging to the plaintiff.[4] LaDoucer contends that he has stated claims

---

[2] [Docket No. 11].

[3] Amended/Supplemental Complaint ¶ 6, Attach. # 2, Inmate Grievance Form.

[4] Id., Attach. #1, Inmate Grievance Form.

under the Universal Declaration of Human Rights, as well as the First, Eighth, and Fourteenth Amendments.[5]

   **Medical and Disciplinary Circumstances.** Plaintiff Todd LaDoucer entered the Sherburne County Jail on May 24, 2007.[6] Upon plaintiff's admittance, the jail was notified of his history of asthma,[7] and he was provided with an albuterol inhaler.[8] A cellmate in the Gamma unit reported that on June 4, 2008, LaDoucer appeared to stop breathing while sleeping, and he woke up coughing, but he has not asserted claims with respect to that event.[9] On February 26, 2008, plaintiff asked to be moved to the other side of the pod because his cell was too hot and was using the inhaler often.[10] The request to be moved to the other side of the pod was denied, and LaDoucer declined an offer to be moved to another cell on the same side.[11] Between February 7, 2008, into early April 2008, there were periodic complaints regarding excessive heat by inmates and staff in the Gamma and Alpha units.[12] On March 4, 2008, a repair was made to a fire damper, but on other occasions it was noted that temperatures were at set points.[13]

---

[5] Plaintiff's "Memorandum of Law in support to DENIE Defendants motion for Summary Judgment," page 1.

[6] Aff. of Angela Knutson, Ex. A, Jail Activity Log, page 56.

[7] Id., Ex. B.

[8] Id., Ex. C.

[9] Id., Ex. A, Jail Activity Log, page 54.

[10] Id., page 31.

[11] Id.

[12] Id., Ex. D, Work Orders dated 2/07/2008, 2/25/2008, 3/04/2008, 3/17/2008, and 4/04/2008.

[13] Aff. of Angela Knutson, Ex. D.

Mr. LaDoucer was transferred to a new cell in the Gamma unit on April 10, 2008, following a 20-day detention in the special housing unit resulting from an unrelated physical altercation.[14]  Plaintiff promptly submitted a kite in which he complained about the heat in the cell, and a work request was submitted by staff.[15]  On April 12, 2008, corrections officer Jody Williams found that LaDoucer had covered the heat vent with toilet paper and the prisoner refused to remove the toilet paper after several requests, falsely asserting that he had been given permission to cover the vent.[16]  As a result of this incident LaDoucer was immediately placed in special housing and was cited for violating jail rules.[17]  A hearing on violation of five jail rules was held on April 15, 2008, pursuant to jail policy.  The prisoner was found to be in violation on each of the charges and was sentenced to a 5-day lock down.[18]  Mr. LaDoucer appealed the findings to the jail administrator, Angela Knutson,[19] who reviewed the hearing officer's decision and found no violation of the prisoner's due process rights.  Nonetheless, two of the violations were dismissed, and the lockdown period was reduced by approximately three days.  The jail administrator noted that she had consulted with medical staff and found no documentation establishing a prior history of medical complaints to indicate that heat would be detrimental to petitioner's condition.[20]  In a medical request form dated April 17, 2008, plaintiff wrote, "Doc.

---

[14]  Id., Ex. A, Jail Activity Log, pp. 24-28.

[15]  Id., Ex. H.

[16]  Id., Ex. A, page 24, and Ex. E, discipline incident report.

[17]  Id.

[18]  Id., Ex. F.

[19]  Id., Ex. G.

[20]  Aff. of Angela Knutson ¶ 6 and Ex. H.

Todd, Please add to my file that high heat <u>will</u> trigger my lung problems."[21]

       **Legal Mail.** Plaintiff LaDoucer has made an allegation in the amended complaint that corrections officer Sheri Stone opened his legal mail and read it aloud. Plaintiff submitted an Inmate Grievance Form on July 31, 2008, in which he complained that Stone had "started to read [his mail]", and "she voiced out loud something she thought she had read."[22] In response to the grievance, Captain Isais reported that he spoke to officer Stone who stated that she thought she had seen the name "Nate" on a sticky note attached to the mail, and that the mail perhaps belonged to another inmate, but she did not read the legal mail and did not read it out loud.[23]

       The amended complaint contains an additional claim that corrections officer Jason Kolbinger tried to keep an extra copy of some legal work that was being copied for the plaintiff, and that he destroyed it. The prisoner reported the conduct in an Inmate Grievance Form dated August 23, 2008, in which it is stated that "[w]hen I told him to give me the copy he then proceeded to tear it into pieces."[24] Captain Isais responded to the grievance on August 28, 2008, indicating that he spoke with the officer and a Sgt. who was present, and both stated that the reason an extra copy had been made was because the prisoner complained that a first copy was not dark enough and he wanted a different copy. The officer refused to let the prisoner keep the bad copy and it was torn up. The document was not read by the officer.[25]

<u>**Standard of Review**</u>

---

[21] <u>Id.</u>, Ex. C., Patient Chart.

[22] <u>Id.</u>, Ex. I.

[23] <u>Id.</u>, Ex. J, and Aff. of Sheri Stone.

[24] Aff. of Angela Knutson, Ex. K.

[25] Aff. of Angela Knutson, Ex. L. and Aff. of Jason Kolbinger.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial responsibility of demonstrating that there is no genuine issue of material fact to be decided. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). When a motion for summary judgment has been made and supported by the pleadings and affidavits as provided in Rule 56(c), the burden shifts to the party opposing the motion to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). In satisfying this burden, however, the non-moving party must do more than simply establish doubt as to the material facts. The party opposing summary judgment may not "rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Matsushita, 106 S.Ct. at 1355, n.11; Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). Fed. R. Civ. P. 56(e). Pro se pleadings are held to a less stringent standard than attorney drafted pleadings. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972). However, the party opposing the motion still must present evidence to defeat a properly supported summary judgment motion and may not rely upon conclusory allegations and unsupported assertions. Dunavant v. Moore, 907 F.2d 77, 80 (8th Cir. 1990).

**Discovery.** In his amended/supplemental complaint the plaintiff asks the court for an order requiring jail officials to provide him with his medical records, specified jail surveillance recordings, and the names of corrections officers.[26] Also, in an affidavit submitted

---

[26] Amended/Supplemental Complaint ¶ 4, pp. 4-5.

in opposition to summary judgment,[27] the plaintiff states that he made several attempts at getting discovery, but was met with indifference, and he further alleges that defendants' "record" is in error and the record "has been tampered with or 'fixed' and should be deemed compleetly unreliable."[28]  On the other hand, the record contains no motion brought by the plaintiff to obtain the court's assistance in resolving any particular discovery dispute as required under the Pretrial Scheduling Order dated October 20, 2008.  Moreover, plaintiff's effort to characterize the defendants as the parties who refused to comply with deposition discovery[29] is unavailing. Defendants were not required to appear for depositions without proper notice;[30] plaintiff was not entitled to condition his own deposition on the defendants' personal appearances for depositions; and plaintiff provides no justification for failing to timely seek discovery by way of interrogatories and/or document production requests, as well as either written or properly noticed oral depositions, as permitted under the Federal Rules of Civil Procedure.  (See e.g. Rules 26, 31, 33, and 34).  Rule 56(f) provides that a party opposing summary judgment may avoid immediate dismissal upon affidavit showing specified reasons for being unable to present facts essential to the opposition.  In such a case the court may allow appropriate discovery to be undertaken before deciding the summary judgment motion.  Fed. R. Civ. P. 56(f)(2).  In this instance the plaintiff not entitled to any such accommodation.  Mr. LaDoucer has made no sincere effort whatsoever to comply with rules of discovery or the court's Pretrial Scheduling Order, and his submissions in opposition to summary judgment are replete with mere denials and accusations of dishonesty by

---

[27]  Aff. of Plaintiff-Todd LaDoucer, page 1  [Docket No. 36].

[28]  Id.

[29]  Id., page 3.  Aff. of Roger L. Rowlette, see attached Ex. M-P.

[30]  Aff. of Jason M. Hill [Docket No. 39].

the defendants, without even a modicum of concrete evidence to either support his claims or discredit the defendants' fact assertions. There is no justification for denying summary judgment, or deferring a decision on the motion, for lack of full discovery. To the extent that plaintiff asserts facts that are arguably within his personal knowledge, the court will consider such evidence accordingly in determining whether summary judgment on any particular claim may be precluded by the existence of a genuine issue of material fact.

**Sherburne County Jail Liability**

The amended/supplemental complaint names the Sherburne County Jail as a defendant in this action. Defendants contend that the jail is not a legal entity that is subject to suit, and plaintiff does not contest that assertion. Defendants' position is well taken. A jail facility, including, in this instance, the Sherburne County Jail, is simply a building and is not a legal entity that can be sued as such. Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 83 (S.D.N.Y. 1994) (holding that "a jail is not an entity that is amenable to suit," and citing additional federal court decisions). Since the Sherburne County Jail is not suable, the amended complaint fails to state an actionable claim for relief against the jail. See DeLa Garza v. Kandiyohi, 2001 WL 987542 at *1 (unpublished opinion) (affirming summary dismissal of prisoner civil rights action against county jail and county sheriff's department "because, neither party was a suable entity"). See also Mahamud v. Hennepin County Workhouse of Plymouth, Minn. Dist. Ct. Civ. No. 03-5120 (ADM/JGL) (D.Minn. 2003) (Montgomery, J.) (unpublished Memorandum Opinion and Order dated December 5, 2003). To the extent that plaintiff alleges claims against the Sherburne County Jail in this action, such claims should be dismissed with prejudice.

**Universal Declaration of Human Rights Claims**

Plaintiff alleges in his amended complaint that defendants violated his rights under the Universal Declaration of Human Rights, Articles 1-9, 12, 19, 25(1), 28, and 30, adopted by the United Nations General Assembly in 1948.  Defendants move to dismiss this claim on grounds that they are not based upon rights "secured by the Constitution and laws" for which 42 U.S.C. § 1983 establishes liability.  Again, defendants' argument is well taken.  As a matter of law, provisions of the Universal Declaration of Human Rights do not establish any rights or causes of action under section 1983 beyond those recognized under the Constitution.  Crow v. Gullet, 706 F.2d 856, 858 (8th Cir. 1983).  Consequently, Mr. LaDoucer cannot state a cognizable claim under the United Nations declaration and any such claim alleged in the amended complaint should be dismissed.

**First Amendment Legal Mail Claims**

Plaintiff LaDoucer has alleged "obstructing due process" with respect to two discreet incidents relating to legal mail and legal documents.[31]  He contends that corrections officer Sheri Stone opened and read his legal mail out loud, and that corrections officer Jason Kolbinger tried to keep a copy of the plaintiff's legal work but subsequently destroyed the copy.  Defendants deny the prisoner's allegation that his grievances in regard to the incidents went unanswered and the responses are submitted as documentary evidence in this action.[32]

Issues relating to interference with prisoner legal materials are typically reviewed in the context of the First Amendment.  Jail officials are not permitted to read a prisoner's legal materials, and legal mail may opened only in the presence of the inmate.  Foster v. Helling, 210

---

[31]  Amended/Supplemental Complaint ¶ 6, page 3.

[32]  Aff. of Angela Knutson, Ex. J, Grievance Response by Captain Dave Isais dated August 4, 2008, and Ex. L, Grievance Response by Captain Dave Isais dated August 29, 2008.

F.3d 378 (8th Cir. 2000), 2000 WL 328116 (unpublished opinion) (a First Amendment claim was stated where the defendant had stated on a disciplinary form that legal material had in fact been searched and could be read outside the prisoner's presence).

**Sheri Stone.**  In her affidavit defendant Stone acknowledges the incident involving Mr. LaDoucer, but states that she did not open and did not read plaintiff's mail, except for misreading an attached sticky note that had caused her to incorrectly state that the mail belonged to another inmate named "Nate."[33]  LaDoucer was advised in writing that the note was read for safety purposes and not to gain information about plaintiff's case.[34]  The prisoner offers no evidence to contradict the defendant, apart from expressing his apparent belief that if Stone read the name on the note, then she must have read the note.  In his grievance the plaintiff stated, "I know she meant no harm but, she needs to stop being so wreakless."[35]  Jail officials took no further action on the grievance.

In the present case there is no contention that legal mail was opened outside the presence of the prisoner; corrections officer Sheri Stone denies opening or reading the mail, except for an attached sticky note; and there is no documentary support whatsoever for the mere allegation that Stone opened and read the contents of the prisoner's legal mail.  Under these circumstances the plaintiff has not stated evidence sufficient to maintain a cause of action for a First Amendment violation for opening and/or reading legal mail by defendant Sheri Stone.  The claim should be dismissed.

---

[33]  Aff. of Sheri Stone.

[34]  Aff. of Angela Knutson, Ex. J.

[35]  Id., Ex. I.

**Jason Kolbinger.**  Mr. LaDoucer stated in a grievance that defendant Kolbinger was copying a document for the prisoner; that he seemed to be paying close attention to the document; that he made and tried to keep an extra copy of the document; and that the extra copy was torn up when the prisoner said he wanted it.[36]  The response to the grievance states that the extra copy was made because LaDoucer had complained that another copy was not dark enough. The bad copy was ripped up and was not read by corrections officers.[37]

With respect to this allegation, the plaintiff again cannot establish that defendant Kolbinger or any other jail personnel actually read his legal document.  Furthermore, the court finds no constitutional implications arising out of the corrections officers refusal to allow the plaintiff to keep the extra copy or the officer's decision to destroy the copied document.  This claim is wholly without merit and should be dismissed.

**Eighth Amendment Medical Claims**

Plaintiff's complaint with respect to excessive heat in his cell at the Sherburne County Jail alleges an Eighth Amendment claim that the prisoner was subjected to cruel and unusual punishment as a result of a  medical condition brought on by excessive heat in his cell and housing unit.  The gravamen of the complaint is the assertion that the prisoner's asthma was aggravated by high heat, and prison authorities action in violation of his constitutional rights by failing to provide appropriate relief.

Mr. LaDoucer references <u>Sampson v. Berks County Prison</u>, 171 Fed.Appx. 382 (3d Cir. 2006)(citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-99, 111 S.Ct. 2321 (1991)) in

---

[36]  Aff. of Angela Knutson, Ex. K.

[37]  <u>Id.</u>, Ex. L.

opposition to summary judgment.  In <u>Sampson</u> the court held that the prisoner plaintiff had

stated an Eight Amendment cause of action sufficient to survive dismissal under Federal Rule of

Civil Procedure 12(b)(6)[38] by alleging that he had been held in an unreasonably cold cell, and

that prison officials were aware of the circumstances and refused to make appropriate

accommodations to ameliorate the cold.  <u>Id.</u> at 385.  However, the court further observed that

allegations that suffice to state a claim, and therefore preclude dismissal at an early stage, do not

establish the existence of facts sufficient to prove the allegations.  <u>Id.</u>

  The present case is now before the court on motion for summary judgment, and

the plaintiff offers essentially no evidence to create a genuine issue of material fact.  There is no

dispute with respect to the existence of certain essential facts and circumstances of this case,

including the plaintiff's detention at the Sherburne County Jail, his asthmatic medical condition,

---

[38]   The <u>Sampson</u> case predates the decisions in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) and <u>Ashcroft v. Aqbal</u>, __ U.S. __, 129 S.Ct. 1937 (2009), wherein the court held that a complaint that is being challenged on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations to survive the motion, but a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" in order to avoid dismissal.   Factual allegations must be sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true."  <u>Twombly</u> at 1965 (citing 5 <u>C. Wright & A. Miller, Federal Practice and Procedure</u> § 1216. pp. 235-236 (3d Ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")   Moreover, a complaint is not adequate merely because the pleading "left open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery."  <u>Twombly</u> at 1968.  A complaint must contain sufficient facts to state a claim that is not merely conceivable, but rather, is plausible.  <u>Id.</u> at 1974.   Also, it remains the case that a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985), but the court must presume that factual allegations in the complaint are true and accord reasonable inferences in favor of the non-moving party.  <u>Holloway v. Lockhart</u>, 792 F.2d 760, 762 (8th Cir. 1986).  The <u>Twombly</u> standard of review on Rule 12(b)(6) motion to dismiss retires and replaces the longstanding rule (as applied in <u>Sampson</u>) under which a claim survived "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief."  <u>Holloway v. Lockhart</u>, 792 F.2d 760, 761-62 (8th Cir. 1986)(citing <u>Conley v. Gibson</u>, 78 S.Ct. 99, 101-02 (1957).

and recognition of periodic overheating issues in the jail.  On the other hand, plaintiff has not put

forth facts to establish genuine issues regarding his contentions that in response to such

conditions and circumstances the defendants acted, or failed to act, in a manner that constitutes

deliberate indifference to a serious medical need in violation of the Eighth Amendment.  The

evidence and records that are before the court indicate that Mr. LaDoucer had breathing

problems and there were indeed occasions on which the prisoner complained about the heat in

his cell, but the heat was not explicitly tied to his breathing issues until the inmate submitted a

medical request dated April 17, 2008, in which LaDoucer wrote "Doc. Todd, Please add to my

file that high heat <u>will</u> trigger my lung problems."  This report postdates the inmate's placement

in segregation for covering a heat vent on April 12, 2008, as well as a request to be moved to the

other side of the pod on February 26, 2008.  The undisputed record also establishes that

LaDoucer declined an offer to be moved to a cooler cell within the same pod at the time of the

February 26, 2008, complaint.  Finally, the record shows without contradiction that heat

complaints were not ignored and complaints were addressed pursuant to work orders.

As his Eighth Amendment claim in this matter the plaintiff alleges that defendants

placed him in a dangerous environment that was hazardous to his health. Plaintiff does not

contend that any defendants named in this matter are medical personnel and there is no showing

whatsoever that these defendants were involved in making medical treatment decisions or had

responsibility for providing plaintiff with medical care.  However, plaintiff does allege that

certain defendants ignored him when he informed them about the hazard to his health that was

presented by the circumstances.

The Eighth Amendment requires that prisoners be provided humane conditions of

confinement, to include adequate food, clothing, shelter, and medical care.  <u>Simmons v. Cook</u>,

154 F.3d 805, 807 (8th Cir. 1998)(citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994)). To prevail on an Eighth Amendment claim, the prisoner must prove that the alleged deprivation was objectively of such seriousness that the prison authority's act or omission resulted in the denial of "the minimal civilized measure or life's necessities," or incarceration under conditions "posing a substantial risk of serious harm." <u>Simmons</u> at 807 (quoting <u>Farmer</u>, 511 U.S. at 834). In addition, the prisoner must show that a prison official subjectively acted with "deliberate indifference" to inmate health and safety. <u>Id.</u> Deliberate indifference is subjective recklessness. <u>Farmer</u>, 511 U.S. at 838-42.

Plaintiff Todd LaDoucer has not presented evidence to establish that he was confined under conditions of such severity or seriousness so as to expose him to substantial risk of serious harm. Indeed, even though there is evidence of heat complaints, there is no evidence whatsoever as to the actual temperatures, beyond notations that temperatures were found to be at set points, and the record indicates that problems were addressed when reported. Importantly, the record contains no evidence that the prisoner requested medical attention when complaining about heat, except to make a belated request that a notation regarding high heat and lung problems be added to his file, to suggest a risk of serious harm. The objective element of substantial risk of serious harm is not satisfied. Likewise, with regard to the subjective element of the Eighth Amendment claim, there is no evidence to support the contention that authorities acted with deliberate indifference to the plaintiff's medical issues. Again, efforts were made to correct heating problems, the prisoner was offered and refused a different cell, and officials were not made aware of plaintiff's specific medical concerns relating to heat. Mr. LaDoucer simply has not shown that any defendant in this action knew of and disregarded a condition that created excessive risk to his health. Defendants' motion for summary judgment dismissing Eighth

Amendment claims should be granted.

**<u>Fourteenth Amendment Due Process Claim</u>**

Plaintiff Todd LaDoucer's amended complaint states only that defendants maliciously placed him in segregation for covering a heat vent.  In his memorandum in opposition to summary judgment, he merely states that he has stated a claim for violation of the Fourteenth Amendment, presumably in response to the defendants' memorandum treatment of the administrative segregation issue.  The prisoner offers no discussion and no facts that directly address the Fourteenth Amendment claim, and the exact nature of the claim is quite unclear.  In any event, to the extent that the plaintiff alleges that his placement in segregation resulted in a constitutional violation, he has presented no facts, and the court finds no evidence in the record, that would support a claim that he experienced an "atypical, significant deprivation" of a liberty interest as needed to sufficiently allege a claim.  <u>Wycoff v. Nichols</u>, 94 F.3d 1187, 1189 (8th Cir. 1996) (citing <u>Sandin v. Conner</u>, 515 U.S. 472,115 S.Ct. 2293, 2301 (1995).  Finally, if plaintiff is alleging that he was unlawfully disciplined in violation of his constitutional rights, he offers no evidence or argument to rebut the defendant's contentions and supporting documentation showing that he was cited for violating jail rules with regard to covering the heat vent and refusing to comply with staff orders;[39] a hearing on violation of five jail rules was held pursuant to jail policy; the prisoner was found to be in violation on each of the charges and was sentenced to a 5-day lock down;[40] and on appeal to the warden[41] two of the violations were dismissed, and

---

[39]  Aff. of Angela Knutson, Ex. E

[40]  <u>Id.</u>, Ex. F.

[41]  <u>Id.</u>, Ex. G.

the lockdown period was reduced, despite a determination that there was found to be no violation

of the prisoner's due process rights in the discipline process.[42]  The is no evidence in the record

to establish a genuine issue of material fact as any Fourteenth Amendment cause of action and

defendants are therefore entitled to summary judgment on such claims.

**Qualified Immunity**

The individual defendants in this action have moved for summary judgment on

qualified immunity grounds.  The doctrine of qualified immunity protects a defendant from

liability for alleged misconduct which he reasonably believed to be lawful or which was not

clearly established as unlawful at the time the conduct occurred.  The Supreme Court has long

held that a state officer sued in his or her individual capacity "may assert personal immunity

defenses, such as objectively reasonable reliance on existing law."   Hafer v. Melo 502 U.S. 21,

25; 112 S.Ct. 358, 362 (1991).  Thus,  government officials "insofar as their conduct does not

violate clearly established statutory or constitutional rights of which a reasonable person would

have known," are shielded from liability for civil damages.   Hartley v. Fine, 780 F.2d 1383,

1387 (8th Cir. 1985)(citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  The qualified

immunity standard "gives ample room for mistaken judgments by protecting all but the plainly

incompetent or those who knowingly violate the law."  Wiegand v. Spadt, 317 F.Supp.2d 1129,

1137 (D.Neb. 2004)(quoting Hunter v. Bryant, 502 U.S. 224, 229, 112 S.Ct 534, 537 (1991)).

Qualified immunity is immunity from suit rather than a mere defense and should be decided by

the court long before trial, though the plaintiff is given the benefit of all relevant inferences on

motion to dismiss, and a party is not entitled to dismissal on qualified immunity grounds where

---

[42]  Id., Ex. H.

genuine dispute exists concerning predicate facts material to the issue. Wiegand v. Spadt, 317 F.Supp.2d at 1137 (citing Pace v. City of Des Moines, 201 F.3d 1050, 1056 (8th Cir. 2000)). "Predicate facts" consist of only the relevant circumstances and the acts of the parties themselves, and do not include the conclusions of others with regard to the reasonableness of those actions. Wiegand at 1137 n.3 (citing Pace 201 F.3d at 1056).

Defendants in this matter assert that as a matter of law there has been no violation of plaintiff's federal constitutional rights with respect to plaintiff's claims of interference with legal materials, the refusal to address issues relating to breathing, and placement in administrative segregation. Consequently, qualified immunity bars any claim for money damages from the individual defendants. Upon review of the record before the court, and viewing all the evidence in the light most favorable to the plaintiff, the magistrate judge concludes as a matter of law that plaintiff cannot show that the conduct of any defendant violated clearly established statutory or constitutional rights of which a reasonable person would have known. Indeed, as discussed above, plaintiff has not asserted sufficient evidence to support a claim of constitution dimension with respect to any cause of action in this case. Defendants' motion for summary judgment dismissing claims for monetary damages against individual defendants should be granted on qualified immunity grounds, as well as on the merits. See Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034 (1987); see also Bell-Bey v. Williams, 87 F.3d 832 (6th Cir. 1996).

## RECOMMENDATION

Based upon the foregoing discussion and conclusions, the magistrate judge **recommends** that defendants' Motion for Summary Judgment [Docket No. 24] be **granted** and that plaintiff Todd LaDoucer's Amended/Supplemental Complaint be **dismissed** with prejudice.

Dated:    November 19, 2009

   s/Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge


      Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 4, 2009.